UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

CASE NO.: 2:20-cv-3488

JUISHAN HSU, individually, and
as survivor of her deceased
husband, CHUNG CHEN'S Estate,
and as pending Personal Representative
of the ESTATE OF CHUNG CHEN, for
the benefit of its survivors, and VIVIAN CHEN,
Individually, and as survivor of her deceased
father, CHUNG CHEN'S Estate

      Plaintiffs,
V.

PRINCESS CRUISE LINES LTD.

      Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their undersigned counsel, hereby sues Defendant, PRINCESS CRUISE LINES LTD. (hereinafter, "PRINCESS"), and alleges:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $1,000,000.00 (One Million Dollars) exclusive of interest, costs and attorney's fees.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiffs

1

had the potential to impact maritime commerce as Plaintiffs are at serious risk of imminent harm as a result of being exposed to the Coronavirus running rampant aboard the cruise ship upon which they were paying passengers.

4. Plaintiff, JUISHAN HSU is sui juris, and is a resident of Los Angeles County, California. Plaintiff was a passenger onboard the cruise ship RUBY PRINCESS. She is expected to be appointed as Personal Representative of the ESTATE OF CHUNG CHEN, as wife of the deceased, on behalf of decedent's lawful survivors and on behalf of the ESTATE OF CHUNG CHEN, pursuant to California Statute Section 377.60.

5. CHUNG CHEN, deceased husband of JUISHAN HSU, was a passenger onboard the cruise ship, RUBY PRINCESS, and he died on or about April 4, 2020, in Torrance, Los Angeles County, California, as a result of contracting COVID-19.

6. VIVIAN CHEN is sui juris, is a resident of Los Angeles County, and was a passenger onboard the cruise ship RUBY PRINCESS along with her parents, Plaintiff, JUISHAN HSU and the deceased, CHUNG CHEN.

7. Princess Cruise Lines LTD. is incorporated in Bermuda, with its headquarters in Santa Clarita California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines Ltd.

8. At all times hereto, PRINCESS owned and operated the cruise ship the Ruby Princess.

9. Plaintiffs JUISHAN HSU, CHUNG CHEN, now deceased, and VIVIAN CHEN were passengers aboard the Ruby Princess which departed out of Sydney, Australia on March 8, 2020.

10. This Court has personal jurisdiction over PRINCESS as PRINCESS' principle place of business is located in Los Angeles County, Los Angeles.

**FACTUAL BACKROUND**

In the recent months, there has been a worldwide outbreak of a new strain of the Corona virus, commonly known as COVID-19. The virus began in China in December 2019, and has quickly spread throughout Asia, Europe and most recently, North America. The virus causes temperature, a dry cough, and can be fatal. There have been over One Hundred Thousand cases worldwide and over Three Thousand deaths as result of COVID-19. Those fatalities have largely been amongst the elderly population, and those with underlying medical complications.

COVID-19 really gained the attention of the public when the Diamond Princess Cruise ship, also owned and operated by Defendant, suffered an outbreak of the disease at the beginning of February 2020 in Yokohama, Japan. The outbreak began with ten cases, and rapidly multiplied to seven hundred cases, as a result of the flawed two week quarantine on the ship. The Center for Disease Control, (CDC) issued a statement on February 18, 2020, that "the rate of new reports of positives new on board, (Diamond Princess), especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk." Seven of Defendant's passengers died as a result of COVID-19.

Subsequently, Princess Cruises suffered two additional outbreaks on the Grand Princess sailings of February 11, 2020 and February 21, 2020 out of San Francisco, resulting in more than four deaths and hundreds of infections to its passengers and crew members. Despite having experienced three major outbreaks on its ships, Princess Cruises kept sailing out of various ports of call around the world, including the Ruby Princess ship which sailed out of Sydney, Australia on March 8, 2020.

Princess Cruises decided to sail on March 8, 2020, despite their knowledge of the significant risk of harm to their passengers and crew members, in light of their three prior voyages on other ships that resulted in outbreaks of the disease in catastrophic proportions. More importantly, Princess Cruises experienced an outbreak of COVID-19 on the Ruby Princess on the sailing just prior to the March 8, 2020 voyage, and yet they recklessly decided to board another three thousand passengers on March 8, 2020, and put their lives at risk.

## **COUNT I**

### **(NEGLIGENCE AGAINST PRINCESS)**

11. Plaintiffs re-allege all allegations in paragraphs 1 through 10 above as if alleged fully herein.

12. PRINCESS owed Plaintiffs, who were paying passengers who boarded the Ruby Princess on March 8, 2020, the duty to ensure that they would not be exposed to unreasonable risk of harm that Defendant knew or should have known about while sailing on its vessel.

13. Defendant breached its duty in that it suffered a COVID-19 outbreak on the voyage just prior to the March 8, 2020 sailing, and yet Defendant's corporate office made the conscious decision to continue sailing the voyage that began on March 8, 2020, with another three thousand passengers on an infected ship.

14. Specifically, Defendant's corporate office was aware of the outbreak, and went as far as to instruct its employees of the Ruby Princess to provide vouchers to the passengers to buy lunch, while they delayed the sailing for six hours so that they could further disinfect the ship prior to sailing.

15. In continuing to sail with another three thousand passengers, including Plaintiffs on March 8, 2020, knowing that the ship and crew had already been exposed to COVID-19, the Defendant, PRINCESS, had exposed Plaintiffs to actual risk of immediate physical injury.

16. Defendant is further negligent in failing to have proper screening protocols for COVID-19 prior to boarding the passengers on Plaintiffs' voyage, despite their experience of outbreaks on multiple ships prior to the March 8, 2020 sailing, including the outbreak on the subject ship just one week prior.

17. To add insult to injury, the Defendant, PRINCESS' corporate office was aware of an outbreak of COVID-19 on the March 8, 2020 sailing, and failed to even attempt to quarantine any of the passengers onboard. They didn't even bother to notify the passengers that there was an actual outbreak, allowing the sailing to continue as if it were a normal cruise, up until the time it returned to Australia three days early.



18. As a result of the Defendant's lackadaisical approach to the safety of Plaintiffs, its passengers and crew aboard the Ruby Princess, Plaintiffs contracted COVID-19 and ultimately resulted in the untimely death of CHUNG CHEN.

19. Finally, Defendant, PRINCESS' corporate office is negligent in failing to adequately warn Plaintiffs about the potential exposure to COVID-19 prior to boarding the ship on March 8, 2020, and again during the sailing of said cruise. Defendant had actual knowledge of passengers and crew members with symptoms of Coronavirus during the March 8, 2020 sailing and failed to inform Plaintiffs, at any time, prior to boarding or while they were already onboard, that they were exposed to COVID-19.

20. If Plaintiffs had knowledge of this actual risk of exposure prior to boarding, they would have never boarded the ship, and they would've boarded the first flight out of Australia and returned home. Due to Defendant's outright negligence in failing to warn Plaintiffs of the actual risk of exposure to COVID-19 aboard its infected ship, Plaintiffs disembarked early and anxiously awaiting their fate, until they flew back to California, where Plaintiffs, JUISHAN HSU and VIVIAN CHEN, remain quarantined in their homes after testing positive for COVID-19 and ultimately resulting in the untimely death of Plaintiff, CHUNG CHEN.



21. As a direct and proximate result of the breach of the negligence alleged above, CHUNG CHEN was pronounced dead on April 4, 2020, and the Plaintiff, JUISHAN HSU,

decedent's wife, has suffered and is suffering and will continue to suffer in the future the following damages:

      a.     Loss of support and services

      b.     Loss of companionship

      c.     Mental pain and suffering, and

      d.     Medical and Funeral expenses

22.     As a direct and proximate result of the negligence of the Defendant, PRINCESS, and the ultimate death of CHUNG CHEN, his estate has suffered and will continue the suffer the following damages;

      a.     Loss of prospective net accumulations and;

      b.     Medical and funeral bills and expenses charged to the Estate.

23.     As a direct and proximate result of the negligence of the Defendant, PRINCESS, Plaintiff, JUISHAN HSU, is suffering with COVID-19 in about her body, and/or aggravated a preexisting condition, suffered pain therefrom, physical handicap, incurred medical, nursing, attendant care, suffered emotional distress and said damages and injuries are continuing in their nature and Plaintiff will suffer such losses and impairments in the future.

24.     As a direct and proximate result of the breach of the negligence alleged above, CHUNG CHEN was pronounced dead on April 4, 2020, and the Plaintiff, VIVIAN CHEN, decedent's daughter, has suffered and is suffering and will continue to suffer in the future the following damages:

      a.     Loss of support and services

7

      b.      Loss of companionship

      c.      Mental pain and suffering, and

      d.      Medical and Funeral expenses

25. As a direct and proximate result of the negligence of the Defendant, PRINCESS, Plaintiff, VIVIAN CHEN, is suffering with COVID-19 in about her body, and/or aggravated a preexisting condition, suffered pain therefrom, physical handicap, loss of earnings, incurred medical, nursing, attendant care, suffered emotional distress and her working ability has been impaired; said injuries are and/or can be permanent and continuing in their nature and Plaintiff will suffer such losses and impairments in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant, PRINCESS CRUISE LINES LTD. for damages suffered as result of their negligence and a trial by jury on all issues triable.

## COUNT II

### (GROSS NEGLIGENCE AGAINST DEFENDANT PRINCESS)

26. Plaintiffs re-allege all allegations set out in paragraphs 1 through 25 above as if alleged fully herein.

27. Defendant, PRINCESS' corporate office's conduct in deciding to continue to sail the Ruby Princess with Plaintiffs, knowing that the ship was infected from a prior voyage and prior crew members who came down with symptoms of COVID-19, on board with Plaintiffs, shows a lack of any care on the part of Defendant, amounting to gross negligence.  Defendant knew how dangerous it was to expose Plaintiffs and the rest of its passengers to COVID-19 in light of its experience with the Diamond Princess and two sailings on the Grand Princess, and yet

it departed from what a reasonably careful cruise line would do under the circumstances in continuing to sail with Plaintiffs.

28. Moreover, Defendant's corporate office's conduct in failing to warn Plaintiffs of their actual risk of harm in being exposed to COVID-19, either prior to boarding or while they were already onboard, in light of prior passengers and crew members, who came down with symptoms from the prior voyage, amounts to an extreme departure of a what a reasonably careful cruise line would do.

29. Defendant, PRINCESS' corporate office chose to place profits over the safety of its passengers, crew and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to Plaintiffs, one of whom was elderly and ultimately, died.

30. As a direct and proximate result of the gross negligence as alleged above, CHUNG CHEN was pronounced dead on April 4, 2020, and the Plaintiff, JUISHAN HSU, decedent's wife, has suffered and is suffering and will continue to suffer in the future the following damages:

    a. Loss of support and services

    b. Loss of companionship

    c. Mental pain and suffering, and

    d. Medical and Funeral expenses

31. As a direct and proximate result of the gross negligence of the Defendant, PRINCESS, and the ultimate death of CHUNG CHEN, his estate has suffered and will continue to suffer the following damages;

  a. Loss of prospective net accumulations and;

  b. Medical and funeral bills and expenses charged to the Estate.

32. As a direct and proximate result of the gross negligence of the Defendant, PRINCESS, Plaintiff, JUISHAN HSU, is suffering with COVID-19 in about her body, and/or aggravated a preexisting condition, suffered pain therefrom, physical handicap, incurred medical, nursing, attendant care, suffered emotional distress and has been impaired and said injuries are and/or can be permanent and continuing in their nature and Plaintiff will suffer such losses and impairments in the future.

33. As a direct and proximate result of the gross negligence alleged above, CHUNG CHEN was pronounced dead on April 4, 2020, and the Plaintiff, VIVIAN CHEN, decedent's daughter, has suffered and is suffering and will continue to suffer in the future the following damages:

  a. Loss of support and services

  b. Loss of companionship

  c. Mental pain and suffering, and

  d. Medical and Funeral expenses

34. As a direct and proximate result of the gross negligence of the Defendant, PRINCESS, Plaintiff, VIVIAN CHEN, is suffering with COVID-19 in about her body, and/or aggravated a preexisting condition, suffered pain therefrom, physical handicap, loss of earnings, incurred medical, nursing, attendant care, suffered emotional distress and her working ability has

been impaired; said injuries are and/or can be permanent and continuing in their nature and Plaintiff will suffer such losses and impairments in the future.

WHEREFORE, Plaintiffs demand punitive damages against Defendant, PRINCESS CRUISE LINES LTD. as result of their gross negligence and a trial by jury on all issues triable.

### **DEMAND FOR JURY TRIAL**

The Plaintiffs hereby demand trial by jury of all issues so triable of right.

DATED this 15th day of April, 2020.

                        Michael A. Simmrin, Esq.
                        SIMMRIN LAW GROUP
                        3500 W. Olive Avenue
                        Suite 300
                        Burbank, CA 91505
                        Tel.:   818-827-7171
                        Fax:   424-653-6564

By *Michael A. Simmrin*
      MICHAEL A. SIMMRIN
      California Bar No.238092

                        Debi F. Chalik, Esq. (Pro Hac Vice Pending)
                        CHALIK & CHALIK, P.A.
                        Attorneys for Plaintiff
                        10063 N. W. 1st Court
                        Plantation, Florida 33324
                        Tel.:   (954) 476-1000
                        Fax:   (954) 472-1173

By *Debi F. Chalik*
      DEBI F. CHALIK
      Florida Bar No. 179566